18-3131
Singh v. Garland

BIA
Criss, IJ
A206 469 181

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-one.

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Chief Judge,*
    DENNY CHIN,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

CHARANJEET SINGH,
        *Petitioner,*

        v.                                          18-3131
                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Dalbir Singh, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Song Park, Acting Assistant Director; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Charanjeet Singh, a native and citizen of India, seeks review of a September 27, 2018 decision of the BIA affirming a July 26, 2017 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Charanjeet Singh,* No. A 206 469 181 (BIA. Sept. 27, 2018), *aff'g* No. A 206 469 181 (Immig. Ct. N.Y.C. Jul. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Gjolaj v. Bureau of*

*Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009).

For asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). There may be "more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

Particular Social Group

As an initial matter, the BIA erred in stating that Singh's proposed social group of "those who enter marriage without parental permission or in violation of a societal norm" was not socially distinct because he had not shown that

individuals in the group "would socialize and organize around this trait." Establishing membership in a particular social group does not require showing that group members socialize or organize around a particular trait. *Koudriachova v. Gonzales*, 490 F.3d 255, 260–62 (2d Cir. 2007). But the agency did not otherwise err in concluding that Singh's proposed group was not cognizable. To be cognizable, a social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). The "social distinction" requirement is satisfied where the society in question perceives individuals to have a shared characteristic as a group. *See Paloka*, 762 F.3d at 196.

Singh testified that he feared returning to India because his in-laws (or people acting on their behalf) had harmed him in the past, and he fears becoming a victim of an honor killing because he and his wife married without permission. Singh did not claim that he feared anyone other than his in-laws, or that his in-laws or assailants seek to harm any other person "who entered marriage without parental permission or in violation of a societal norm." For a group to be

4

cognizable, it must be perceived as a group by the society, not just the persecutors, and a proposed group fails this test when harm is motivated by criminal ends or a personal vendetta. *See id.; Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007)("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"); *In re A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74–75 (BIA 2007) (denying claim where "underlying motivation" for harm "stem[med] from common crime and/or personal vengeance"). Additionally, Singh's evidence of honor killings does not lead to the conclusion that "those who enter marriage without parental permission in violation of a societal norm" is a discrete group, because a group cannot be defined solely by the persecution it suffers. *See Paloka*, 762 F.3d at 196 ("[W]hat matters is whether society as a whole views the group as socially distinct, not the persecutor's perception.").

Political Opinion

Substantial evidence also supports the agency's determination that Singh failed to show that his political

5

opinion "was or will be one central reason" for his harm. 8 U.S.C. § 1158(b)(1)(B)(i); *see Acharya*, 761 at 297 ("[A]sylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground."(internal quotation marks omitted)). Political opinion can be either real or imputed by the persecutor, but in either case, it must be the persecutor's motivation for the harm. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). As the agency observed, Singh primarily argued that his in-laws targeted him because he had married their daughter without permission. There is no indication that Singh had more than a minimal involvement in politics, he did not testify that his assailants identified his party or their own, and the political difference appeared tangential to his attackers' desire to harm him on account of his marriage. Accordingly, the agency reasonably concluded on this record that Singh's harm stemmed from a personal vendetta, rather than his political opinion. *See id.; In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007)(The protected ground

"cannot be incidental, tangential, superficial, or subordinate to another reason for harm.").

Convention Against Torture

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of, a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

The agency reasonably concluded that there was insufficient evidence that Singh would "more likely than not" be tortured because his father-in-law is a police officer who wants to kill him and will prevent the police from protecting him. Apart from his testimony about an attempt to report an attack, his evidence described general corruption in India and instances of honor killings, but no government complicity in honor killings or evidence that the police were working for or against specific political parties. Without more, such evidence is insufficient to demonstrate that Singh will

7

"more likely than not" be tortured with the consent or acquiescence of public officials. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring showing that someone in applicant's "particular alleged circumstances" would be tortured); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court